IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| C. Holmes, M.D.; *also known as* C. Holmes; *also known as* Cynthia Holmes; *also known as* Cynthia Colie Holmes, )<br>)<br>)<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>Anne Milgram, *Administrator of DEA*, )<br>)<br>Defendant.  )<br>_____ ) | Civil Action No. 2:22-3758-BHH<br><br>**<u>ORDER</u>** |

    This matter is before the Court upon Plaintiff C. Holmes, M.D.'a ("Plaintiff") pro se complaint. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary review.

    On January 26, 2023, Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report") outlining the issues presented in this case and recommending that the Court deny Plaintiff's motion for a temporary restraining order ("TRO") and preliminary injunction. In her Report, the Magistrate Judge explained that Plaintiff's request for a TRO should be denied because Plaintiff has not complied with Rule 65(b)(1) of the Federal Rules of Civil Procedure by providing specific facts in an affidavit or a verified complaint to show that immediate and irreparable injury will result to her before Defendant can be heard in opposition, and because Plaintiff appears to request relief exceeding fourteen days and has not explained why an injunction is being requested without notice. Additionally, the Magistrate Judge explained that Plaintiff's request for a preliminary

injunction should be denied because the motion is premature as this action has not yet been served and because Plaintiff has not made a clear showing of any of the following: (1) that she is likely to succeed on the merits; (2) that she is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tips in her favor; or (4) that an injunction is in the public interest.  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy.  On February 9, Plaintiff filed a motion to stay and appeal of the Magistrate Judge's decision, and on February 10, she filed a motion for an extension of time to respond to the Magistrate Judge's Report.  (*See* ECF Nos. 13 and 15.)  On February 14, the Court entered a text order granting Plaintiff's motion for extension and giving her until March 3, 2023, to file her objections to the Magistrate Judge's Report.  (ECF No. 20.)  The Court also entered a text order denying Plaintiff's motion to stay, explaining that this matter was referred to a Magistrate Judge for preliminary review in accordance with 28 U.S.C. § 636(b)(1)(B) and the Local Civil Rules for the District of South Carolina.  (ECF No. 22.)  On March 3, 2023, Plaintiff filed an amended complaint and objections to the Magistrate Judge's Report.  (ECF Nos. 33 and 34.)  It also appears that Plaintiff has appealed the Court's order denying her motion to stay to the Fourth Circuit Court of Appeals.  (*See* ECF Nos. 28, 29, 31, and 42.)

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to

which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

In her objections to the Magistrate Judge's Report, Plaintiff first asserts that there is no consent for the Magistrate Judge's Report and that "authorization/jurisdiction is lacking for the R&R." (ECF No. 34 at 2.)  In a 23-page affidavit attached to her objections, Plaintiff reiterates her argument that 28 U.S.C. § 636 does not provide authorization or jurisdiction for the referral of this case to a Magistrate Judge for preliminary review.  (ECF No. 34-1 at 1-9.)  Next, she asserts that she has met her burden of proof to obtain a TRO and preliminary injunction.  Plaintiff states that her amended complaint is verified and makes a clear showing of a likelihood of success on the merits and irreparable harm in the absence of preliminary relief, and Plaintiff asserts that this case requires preservation of the status quo regarding Plaintiff's ability to practice medicine. (*Id.* at 9-11.)  Plaintiff further contends that Defendant has unclean hands and would be protected by her proffer of escrow.  (*Id.* at 10-12.)  Plaintiff asserts that the Magistrate Judge elevated form over substance with respect to Rule 65(b)(1); that the Magistrate Judge misapprehended her complaint; and that the Report as a whole is void or voidable. (*Id.* at 15-18.)  Plaintiff also contends generally that the balance of equities tip in her favor and that an injunction is in the public interest.  (*Id.* at 18-23.)

The undersigned has thoroughly reviewed Plaintiff's written objections and her affidavit, and the Court has considered the record de novo in light of Plaintiff's recent filings. However, after review, the Court finds Plaintiff's objections unavailing, and the Court ultimately agrees with the Magistrate Judge that Plaintiff simply has not made the requisite

*clear* showing of any of the following elements, all of which are necessary to obtain a TRO and preliminary injunction: (1) that she is likely to succeed on the merits; (2) that she is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. Accordingly, the Court overrules Plaintiff's objections (ECF No. 34); the Court adopts the Magistrate Judge's Report (ECF No. 8); and the Court denies Plaintiff's motion for temporary restraining order and preliminary injunction (ECF No. 5.)

    **IT IS SO ORDERED.**

                                            /s/Bruce H. Hendricks
                                            United States District Judge

May 22, 2023
Charleston, South Carolina